Olivia **ALMENGOR**, et al., Plaintiffs,

v.

**Benno C. SCHMIDT, etc.,
et al., Defendants.**

**No. 08 Civ. 6585(LAK).**

United States District Court,
S.D. New York.

March 11, 2010.

---

Phineas Edward Leahey, Julie Ann Rosselot, Michael Jason Fluhr, Todd R. Geremia, Jones Day, New York, NY, for Plaintiffs.

Antoinette W. Blanchette, Clement John Colucci, III, New York State Office of The Attorney General, Michael B. De Leeuw, Fried, Frank, Harris, Shriver & Jacobson, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

Plaintiffs here challenge on First Amendment grounds alleged viewpoint discrimination in the allocation and fiscal regulation of student activities fees at Brooklyn College of the City University of New York ("CUNY") in favor of the New York Public Interest Research Group, Inc. ("NYPIRG") by use of a referendum process to determine funding (count 1) and exemption of NYPIRG from fiscal controls applicable to other student funded organizations (count 2), an alleged practice of factual viewpoint discrimination against "Anti–NYPIRG" students (count 3), and alleged misallocation of student activity fees (count 4). In a bench opinion rendered on July 23, 2009, I granted the defendants' motion for partial summary judgment dismissing Counts 1, 3 and 4 and so much of Count 2 as challenged the constitutionality of the fiscal accountability regulations as applied. Tr., July 23, 2009; Order, July 23, 2009. Defendants now move for judgment on the pleadings dismissing the remaining part of Count 2 on the grounds that any challenged application of the fiscal accountability regulations

is time-barred and, in any case, that plaintiffs have not stated a legally sufficient basis for an as-applied challenge, essentially because the facts alleged by plaintiffs do not relate to any application of the fiscal accountability rules.

■ As defendants argue:

"A 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual. An 'as-applied challenge,' on the other hand, requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174 (2d Cir.2006). The essence of an "as applied" challenge therefore is a claim that the manner in which a statute or regulation was applied to a plaintiff in particular circumstances violated the Constitution, as for example where a facially valid statute was applied to a plaintiff in a discriminatory fashion based on animus toward the plaintiff's First Amendment protected views or activities. *See, e.g., Southworth v. Board of Regents of the University of Wisconsin System*, 307 F.3d 566, 592 (7th Cir.2002).

As plaintiffs' contentions in the Joint Pretrial Order make clear, their grievance is not with the manner in which the fiscal accountability regulations were applied to them. Rather, it is with (a) the fact that NYPIRG is classified under those regulations in a manner that is not to plaintiffs' liking, and (b) and their belief that the fiscal accountability regulations were motivated by favoritism toward NYPIRG and, presumably, the views it espouses. Joint Pretrial Order § IV, ¶ A. Indeed, their memorandum of law on this motion states their claim, at least in part, as being "that the purpose and effect in passing and ad-

**398**

ministering these regulations was, and is, to benefit NYPIRG and to disadvantage all other Registered Student Organizations" and then goes on to complain of the structure of the challenged regulations, the latter being precisely the facial claim that the Court dismissed last July. Pl. Mem. 2–3. So plaintiffs' position boils down to the contention that the fiscal accountability regulations are unconstitutional as applied because their adoption years ago was motivated improperly.

Thus revealed, plaintiff's contention is not an attack on the manner in which the fiscal accountability regulations have been applied. It is an attack on the fact that they exist based on the assertion that they were adopted for an improper motive. It therefore is not an as-applied challenge, which is the only avenue that remains open to plaintiffs after the Court's July 23, 2009 decision. And even if the avenue were open, it would fail. "It is a familiar principle of constitutional law that [the Supreme] Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." *O'Brien v. United States*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *accord, Epperson v. Arkansas*, 393 U.S. 97, 113, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968) (Black, J., concurring); *In re G. & A. Books, Inc.*, 770 F.2d 288, 297 (2d Cir. 1985).

Accordingly, defendants' motion for judgment on the pleadings dismissing what remains of Count 2 is granted. As this disposes of the only claim remaining in this case, the Clerk shall enter final judgment of dismissal and close the case.

SO ORDERED.